WM. H. McHENRY *et al.*, Appellants, v. STEPHEN KING, Assignee, Appellee.

General Assignment: TRUST FUND: SURETIES: SUBROGATION.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

THURSDAY, JANUARY 21, 1892.

ACTION in equity to recover for an amount of money paid by the plaintiffs as sureties for the assignors of the defendants. A demurrer to the petition was sustained, and the plaintiffs appeal.—*Affirmed.*

*John A. Berry*, for appellants.

*S. I. King*, for appellee.

ROBINSON, C. J.—The petition shows the following facts: In January, 1888, the board of supervisors of Harrison county authorized L. E. Massey, the county treasurer, to deposit in the Boyer Valley Bank of Woodbine, Iowa, a certain sum of money, as authorized by section 912 of the Code. A bond signed by the plaintiffs as sureties was given as contemplated by the statute, and money to the amount of three thousand, five hundred and sixty-seven dollars and fifty-two cents was thereafter deposited in the bank by the treasurer. The bond stated, in effect, that Phineas Cadwell and William C. Cadwell, as partners, were the owners of the bank. On the ninth day of October, 1888, the members of the bank made to the defendant a general assignment of all the property of the bank for the benefit of their creditors. At that time the deposit specified had not been drawn out, and in December, 1888, on demand of the treasurer, it was paid to him by the plaintiffs as sureties. The bond was at that time delivered to them, and they were subrogated to all the rights which had been held by the county and the treasurer. The plaintiffs were induced to sign the bond by the assurances of the officers of the bank that it was solvent and in a prosperous condition, and by the statement that the bond would be signed by more persons than the number who actually signed it. At the time the bond was obtained and at the time the deposits were made the bank was hopelessly insolvent, but the plaintiffs signed the bond believing the statements of the officers to be true. They claim that the deposit should be treated as a trust fund, and that the amount they paid to the treasurer should be refunded to them before payments are made to other creditors, and ask for an order directing such payment to be made by the defendant. The ground of the demurrer is that the facts stated in the petition do not entitle the plaintiffs to the relief demanded. It appears that the questions involved in this case are the same as those considered and determined in *Cadwell v. King,* 84 Iowa, 228. We adhere to the conclusions announced in that case. The judgment of the district court is therefore AFFIRMED.