The State v. Lawrence.

THE STATE OF KANSAS, *ex rel. Edgar Roberts, as County Attorney, etc.,* v. H. V. LAWRENCE, *as County Treasurer, etc.*

No. 16,395.

1. OFFICE AND OFFICERS — *Violation of Duty — Injunction.* Injunction by the state held to be a proper remedy to prevent a violation of duty by a public officer.

2. ——— *General Deposit of Public Funds — Authority of County Treasurer.* A county treasurer held to have no authority to place public funds on general deposit in a bank not designated by the county commissioners as a depositary.

Error from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed July 9, 1909. Reversed.

*Edgar Roberts,* for the plaintiff in error.

*Hoskinson & Hoskinson,* for the defendant in error.

*Per Curiam:* In February, 1909, an action was brought in the name of the state, on the relation of the county attorney, to enjoin the county treasurer of a county of less than 25,000 inhabitants from making a general deposit of public moneys in a bank which had not been designated as a depositary by the county commissioners. The material facts were agreed to, and relief was refused on the grounds that injunction was not a proper remedy and that the treasurer had a right to make such deposit. The plaintiff prosecutes error.

The state may maintain injunction against a public officer to restrain him from a violation of his official duty, although other remedies may be open, and he may have given a sufficient bond. It has an interest in seeing that the will of the legislature is not disregarded, and need not, as an individual plaintiff must, show grounds of fearing more specific injury. (*The*

*State v. Kansas City,* 60 Kan. 518.)   See, also, *State, ex rel., v. Metschan,* 32 Ore. 372, where it was said:

"This is a suit by the state in its sovereign capacity, as the guardian of the rights of the people, instituted by its executive law officer, and can, in our opinion, be maintained without showing any special injury to the state. . . . It is enough that the threatened disposition is in violation of the will of the people, as expressed in the supreme law of the land. . . . A sufficient injury, therefore, to enable the state in its sovereign capacity to call upon a court of equity for relief is shown whenever it is made to appear that public funds are about to be applied to a use, for a purpose, or at a place prohibited by the constitution." (Pages 384-386.)

In 1874 the legislature enacted a law (Gen. Stat. 1901, § 1702), which is still in force, making it a public offense for a county treasurer to "loan to any corporation, company or individual, or . . . permit any corporation, company or individual to use any public money coming into his possession or under his control . . . by virtue of his official position." In *Lowry v. Polk County,* 51 Iowa, 50, it was held that a general deposit of funds in a bank amounted to a loan, inasmuch as the title to the money passed and the relation of debtor and creditor was created. This decision was overruled in *Hunt v. Hopley,* 120 Iowa, 695. (See, also, 5 Words & Ph. Jud. Def. p. 4198; *Allibone v. Ames, et al.,* 9 S. Dak. 74; *State v. Midland State Bank,* 52 Neb. 1.) The Kansas statute, however, while prohibiting a loan of public funds, goes further and forbids the treasurer to permit any corporation to use any public money coming under his control. For a county treasurer to place public money in a bank on general deposit is to permit the bank to use it, and is within the prohibition of the statute. The rigor of this provision was soon modified by requiring the treasurers of the larger counties to deposit all public money in a bank to be designated by the board of county commissioners. (Laws 1876, ch. 78, now replaced by section

1703 of the General Statutes of 1901.) Later a similar act was passed (Laws of 1887, ch. 131) for the smaller counties, the depositary being required to be at the county-seat. In 1897 (Laws 1897, ch. 94) this requirement was changed so that the bank might be anywhere in the state, and at the same time (by the substitution of the word "may" for "shall") the use of the depositary was made optional with the treasurer, apparently. in order that if it was in another county he might retain so much cash in his own hands as convenience should suggest. No further change was made until after the judgment was rendered in this action, although since then the mandatory expression has been restored and the requirement has been made that the bank designated shall be located within the county. (Laws 1909, ch. 101.)

It appears that the county commissioners had named two other banks as depositaries, but the defendant maintains that the bonds they had given were not sufficient in amount to justify him in placing the public funds with them. Any controversy in that regard has no place in this proceeding. Under the statute as it then existed the treasurer was not required to deposit the public money in the banks selected by the county board, but he had no authority to make a general deposit in another bank of his own selection. The law has at all times entrusted to the commissioners and not to the treasurer the matter of placing public funds where they will draw interest and of fixing the rate to be paid.

The judgment is reversed and the cause remanded, with directions that the defendant be enjoined from placing any public funds on general deposit in a bank not designated by the county commissioners.