No. 21,037.

THE STATE OF KANSAS, ex rel. J. S. AMICK, as County Attorney etc., *Plaintiff*, v. W. J. FRANCISCO, as Mayor, and W. W. HOLLYFIELD et al., as Commissioners of the City of Lawrence, *Defendants*.

### SYLLABUS BY THE COURT.

1. STATUTES—*Authorizing Cities to Issue Waterworks Bonds—Not Repealed.* Section 7 of chapter 124 of the Laws of 1913 does not repeal chapter 101 of the Laws of 1905 (Gen. Stat. 1909, §§ 744-747) as amended, except in so far as the provisions of the law of 1905 as amended, are in conflict with the provisions of chapter 124 of the Laws of 1913.

2. BOND ELECTION—*Irregular but Not Invalid.* An election held under chapter 101 of the Laws of 1905 as amended is not vitiated because the polling places were held open from seven o'clock in the morning until seven o'clock in the evening.

3. MANDAMUS—*City Officers Must Issue Bonds.* The state may maintain mandamus to compel city officers to issue bonds which have been voted for the purchase of a waterworks plant.

Original proceeding in mandamus. Opinion filed October 7, 1916. Writ allowed.

*S. D. Bishop*, of Lawrence, *James H. Harkless*, and *Clifford Histed*, both of Kansas City, Mo., for the plaintiff.

*Thomas Harley, John Q. A. Norton, Walter G. Thiele, Ord Clingman*, all of Lawrence, *Charles B. Wood*, and *H. S. Oakley*, both of Chicago, Ill., for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: In this action the state seeks to compel the mayor and commissioners of the city of Lawrence to issue certain bonds.

Under chapter 101 of the Laws of 1905 (Gen. Stat. 1909, §§ 744-747) as amended that city voted to issue bonds in the sum of $175,000, for the purchase of a waterworks plant. The defendants refused to issue the bonds, and contend, first, that there is no law providing for their issuance; second, that the election at which they were voted was improperly conducted.

1. The defendants' argument on their first proposition is

that section 7 of chapter 124 of the Laws of 1913 repealed chapter 101 of the Laws of 1905, and for that reason there is no authority in that law for issuing bonds.

The law of 1905 has been amended, but we will now discuss this question the same as if these amendments had been in the law at the time of its enactment. The title of chapter 124 of the Laws of 1913 is as follows:

"An act authorizing cities of the second and third class whose total indebtedness shall not exceed 15% of its total assessed valuation now owning and operating a system of waterworks to issue bonds for the purpose of enlarging, repairing, extending, and improving such system."

This law is composed of eight sections, the first six of which are restricted in their application to the classes of cities named in the title of the act. There is nothing in these six sections that applies to any city other than those of the classes named in the title. Section 7 of the act reads:

"Chapter 101, Laws of 1905, being sections 53, 54, 55, compiled Laws of 1909, section 165, chapter 18, compiled Laws of 1909, section 1, chapter 75, Laws of 1911, and all other acts or parts of acts in so far as they conflict with the provisions of this act, be, and the same are hereby repealed."

Section 8 is immaterial in this discussion.

The defendants argue that the grammatical construction and punctuation of section 7 of the act show that it was the intention of the legislature to repeal all of chapter 101 of the Laws of 1905, and to repeal all other acts or parts of acts in so far as they conflict with the provisions of chapter 124 of the Laws of 1913. The language used in section 7 of this act is capable of two constructions. One is the construction contended for by the defendants. The other is that all of the laws specifically named, and all other acts or parts of acts are repealed, in so far as the laws specifically named and the other acts, or parts of acts, conflict with the provisions of chapter 124 of the Laws of 1913. "They," in the clause "all other acts or parts of acts in so far as they conflict with the provisions of this act," may refer to all the laws specifically named and to all other acts or parts of acts conflicting with the provisions of chapter 124 of the Laws of 1913, or may refer only to the other acts or parts of acts.

That this section was carelessly drawn is conclusively shown by its reference to "sections 53, 54, 55, compiled Laws of 1909."

Those sections refer to matters altogether foreign to the subject now under consideration.

. Under these circumstances, it is proper to examine the title of the act and the body of the act itself to ascertain the intention of the legislature as declared in section 7. (Note, 2 L. R. A. 610; 36 Cyc. 1128.) There is nothing in either the title or the body of the act that shows any intention whatever on the part of the legislature to interfere with any law on the subject of issuing bonds for the purpose of purchasing or building public-utility plants by cities in this state.

Chapter 123 of the Laws of 1913 may be taken into consideration to determine whether or not the law of 1905 has been repealed. Chapters 123 and 124 were passed by the same session of the legislature and were approved two days apart. Chapter 123 took the place of chapter 75 of the Laws of 1911, which last-named chapter amended section 1 of chapter 101 of the Laws of 1905 (Gen. Stat. 1909, § 744). Under the statutory rule of construction (Gen. Stat. 1909, § 9037), chapter 123, so far as its provisions are the same as those of any prior statute, must be construed as a continuation of the provisions of the prior statute, and not as a new enactment. Chapters 123 and 124 of the Laws of 1913 must be construed together and harmonized. (*In re Hall, Petitioner*, 38 Kan. 670, 17 Pac. 649; *Telegraph Co. v. Austin*, 67 Kan. 208, 212, 72 Pac. 850; *The State v. Pauley*, 83 Kan. 456, 461, 112 Pac. 141; *Hibbard v. Barker*, 84 Kan. 848, 851, 115 Pac. 561; *Railway Co. v. Railway Commissioners*, 85 Kan. 229, 233, 116 Pac. 896.) Effect must be given to all the provisions of each act, except where their provisions are so antagonistic that both can not be made to operate. Chapter 124 does not cover all the ground embraced in chapter 123, and for that reason chapter 124 does not repeal chapter 123, at least so far as it applies to cities not owning and operating a system of waterworks.

The repeal of chapter 101 of the Laws of 1905, except in so far as that chapter conflicts with the provisions of chapter 124 of the Laws of 1913, is not embraced within the title of the latter act. That title is very restricted. It applies to cities of the second and third classes now owning and operating a system of waterworks. Any legislation not embraced within the title would be in violation of section 16 of article 2 of the

The State, *ex rel.*, v. City of Lawrence.

state constitution. It is not necessary that the title of an act shall state that it repeals other laws, where the laws repealed are within the contemplation of the title. However, if the law repealed is not within such contemplation, the repealing clause violates the constitutional provision the same as if the act itself contained an unconstitutional provision.

In *The State v. Sholl*, 58 Kan. 507, 49 Pac. 668, this court said:

"Section 16 of article 2 of the Constitution applies as well to bills which change the law by repealing acts already in force as to the enactment of new laws; and where it is sought to change the law by repealing statutes then in force, the bill for that purpose must contain only one subject, which must be expressed in its title." (Syl. ¶ 2.)

(See, also, *Northern Pac. Exp. Co. v. Metschan*, 90 Fed. 80; *Abel v. Eggers*, 36 Nev. 372, 136 Pac. 100; 36 Cyc. 1032.)

If the construction of section 7 of the act of 1913, contended for by the defendants, were the correct one, that section would be unconstitutional. Under repeated decisions of this court, the section should, if possible, be held to be constitutional. (*Comm'rs of Cherokee Co. v. The State, ex rel.*, 36 Kan. 337, 13 Pac. 558; *In re Pinkney, Petitioner*, 47 Kan. 89, 95, 27 Pac. 179; *The State v. Guiney*, 55 Kan. 532, 534, 40 Pac. 926; *Rathbone v. Hopper*, 57 Kan. 240, 244, 45 Pac. 610; *Wilson v. Herink*, 64 Kan. 607, 609, 68 Pac. 72.) Our conclusion is that the legislature, by section 7 of chapter 124 of the Laws of 1913, did not intend to take from the cities of Kansas the power to purchase or build public-utility plants.

2. The polling places were held open from seven o'clock in the morning until seven o'clock in the evening. The defendants contend that this vitiated the election; that the polls should have been opened at nine o'clock in the morning and closed at six o'clock in the evening. There is no pretense of fraud or other irregularity. In *Russell v. The State, ex rel. Nicholson*, 11 Kan. 308, it was said:

"A mere irregularity in conducting an election, which does not deprive a legal voter of his vote, or admit a disqualified voter to vote, or cast uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it, should be overlooked in a proceeding to try the right to an office depending on such election." (Syl. ¶ 1.)

This principle has been followed in *Jones v. The State of Kansas, ex rel. Atherby and Kingsbury*, 1 Kan. 273, 279; *Gille-*

*land v. Schuyler,* 9 Kan. 569; *Morris v. Vanlaningham,* 11 Kan. 269; and *Jones v. Caldwell,* 21 Kan. 186. If the defendants are correct in their contention that this election was not conducted as directed by the statute, it was a mere irregularity, and such a one as does not render the election invalid. The polls were open during the entire time required by the law. Unless a wrong result was produced, the election must be upheld. No such result has been shown.

3. The defendants claim that this action can not be maintained because the plaintiff is not the real party in interest; that the real party in interest is the owner of the waterworks system, which the city, by its election, determined to buy. When the city voted to issue bonds to purchase the waterworks plant it became the duty of the city officers to issue the bonds as directed by law. When they refused to do so they refused to perform a duty imposed on them by law. If the law makes it a duty of the city officers to issue the bonds, a proceeding to require the performance of that duty may be brought by the state, since it has an interest in seeing that public duties are not disregarded by public officers. (*The State, ex rel., v. Faulkner,* 20 Kan. 541; *The State v. Lawrence,* 80 Kan. 707, 103 Pac. 839; *The State v. Dolley,* 82 Kan. 533, 536, 108 Pac. 846; *The State, ex erl., v. Doane,* ante, p. 435, 158 Pac. 38.)

A peremptory writ is allowed, commanding that the bonds be issued.