## BLALOCK *et al. v.* THE STATE.

Deposits of the public funds of the County of Fayette, in the Bank of Fayetteville as "the depository and disbursing agent" of said funds under the act of 1915 (Acts 1915, p. 233), creating a depository and disbursing agent of the public funds of the county, were general deposits, title to which became vested in such bank upon being deposited; and neither

the depository nor its officers can be indicted for embezzlement of such funds as the property of the county.

No. 6503.   MAY 18, 1928.

The Court of Appeals (in Case No. 18679) requested instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision of this case:

1.   In 1915, by an act of the General Assembly, the office of county treasurer of Fayette County was abolished, and the county authorities were required to select some bank or banker to act as depository and disbursing agent of and for the public funds of the county.   The pertinent provisions of the act (Ga. L. 1915, p. 233), so far as they affect the question now being propounded, are as follows:

"Section 1.   Be it and it is hereby enacted by the General Assembly of the State of Georgia, that from and after the 1st day of January, 1917, the office of County Treasurer of Fayette County, Georgia, shall be abolished, and such office shall from and after that date cease to exist.

"Sec. 2.   Be it further enacted by the authority aforesaid, that the Commissioners of Roads and Revenues of said Fayette County shall, by a majority vote taken among themselves, select some bank, banks, or bankers in said county to act as depository or depositories and disbursing agent or agents of and for the public funds of said county.

"Sec. 3.   Be it further enacted by the authority aforesaid, that such bank or banks or bankers as shall be so designated as such depository or depositories, and disbursing agent, or agents, shall receive no compensation for acting as such, but said commissioners shall, if possible, get such bank, banks, or bankers to pay said county for the privilege of acting as such depository and disbursing agent.

"Sec. 4.   Be it further enacted by the authority aforesaid, that no such bank shall be allowed to act as such depository and disbursing agent, until it shall have given a bond, payable to said commissioners, with the securities to be by them approved, conditioned for the faithful performance of all the duties pertaining to said appointment, and in a sum, which, in the judgment of said commissioners, will be double the amount of the county funds that will probably be deposited with such bank or bankers for the en-

suing twelve months from the date of the bond. The property of such bank or bankers as well as the security or securities on such bond shall be bound, from the time of the execution thereof, for the payment of any and all liability arising from the breach of said bond. It shall be within the power of said commissioners to call upon said bank to strengthen said bond or to give a new bond, at any time, and in default of same being done, to revoke the appointment of such bank as depository and disbursing agent.

"Sec. 5. Be it further enacted by the authority aforesaid, that it shall be the duty of each such bank, or bankers, acting as such depository and disbursing agent:

1. To pay without delay, when in funds, all orders issued by said commissioners or by their authority, according to the dates of such orders.

2. To take a receipt on each order when paid, and carefully file it away.

3. To keep a well-bound book in which shall be entered all receipts, stating when received, from whom, and on what account, and all amounts paid out, stating when paid, to whom, and on what account.

4. To keep a well-bound book in which shall be entered a full description of all county orders or other form of indebtedness as they are presented, and to record a copy of the order of the county authorities levying county taxes.

5. To render reports to and to appear before said commissioners whenever notified, and to appear before any grand jury, on request, to render an account of its actings and doings as such depository and disbursing agent, and to exhibit its books and vouchers as such depository and disbursing agent, whenever notified.

"Sec. 6. Be it further enacted by the authority aforesaid, that said commissioners shall have the power and authority from time to time to prescribe other reasonable duties and regulations for the government of said depositories and disbursing agents, and said depositories and disbursing agents shall be just as much bound to observe the same as they are bound to observe those provided for in this act.

"Sec. 7. Be it further enacted by the authority aforesaid, that said commissioners shall appoint such depository and disbursing agent, or depositories and disbursing agents, and such bond or

bonds shall be given on or before the day this act shall go into effect, and the county treasurer of said county then in office shall, on the day this act shall go into effect, deliver to such depository or depositories as he may be directed by said commissioners, all county funds then in his hands, and he shall at the same time deliver to said commissioners all records, books and papers that he may have pertaining to his office.

"Sec. 10. Be it further enacted by the authority aforesaid, that all said depositories and disbursing agents shall be liable both civilly and criminally just as county treasurers are liable, for any nonfeasance or malfeasance of duty, and said commissioners shall have the right to proceed against such depositories and disbursing agents and the securities on their bonds, as county treasurers and the securities on their bonds may now be proceeded against in case of nonfeasance or malfeasance in the conduct of their office.

"Sec. 11. Be it further enacted by the authority aforesaid, that all laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed."

It is provided in section 187 of the Penal Code of 1910 that "any county treasurer of any county in this State, who shall divert, misapply, embezzle, or conceal any money belonging to the county of which he is such county treasurer, with intent to appropriate the same to his own use, shall be punished by imprisonment in the penitentiary for not less than two nor longer than twenty years, and shall moreover be removed from office." Under a proper construction of the above-quoted provisions of the act of 1915, where, subsequently to January 1, 1917, the public funds of the County of Fayette were deposited in the Bank of Fayetteville, which had been legally selected as the depository and disbursing agent of and for said funds, was that deposit a general deposit subject to the general rule that a general deposit becomes the property of the bank in which it is deposited, and that the officials of the bank can not be convicted of embezzling such funds as the property of the depositor, or was it the intent of the General Assembly to make such deposits by the County of Fayette special deposits, or general deposits impressed with a trust, so as to take such deposits without the general rule just stated and to make the funds so deposited subject to embezzlement as the property of the County of Fayette?

2. If the depository and disbursing agent of the public funds of

the County of Fayette is subject to be convicted of embezzling such funds of the county deposited with it, and where an indictment charges that the Bank of Fayetteville was the depository and disbursing agent of and for the public funds of Fayette County, and charges that the managing officials of the bank (naming them, their positions and duties in the bank) were guilty of embezzling the public funds of the county deposited in the bank, is the indictment subject to general demurrer because it fails to charge that the officials of the bank charged with such embezzlement, or any one or more of them, were the county depository and disbursing agent of the county, and fails to charge the county depository and disbursing agent (the Bank of Fayetteville) itself with the commission of the crime, but where the indictment does charge that the named officials of the bank were "then and there performing the duties of county treasurer and disbursing agent of and for the public funds of said county"?

3. Section 184 of the Penal Code of 1910 reads as follows: "Any officer, servant, or other person employed in any public department, station, or office of government of this State or any county, town, or city thereof, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than seven years." Under the provisions of the act of the General Assembly abolishing the office of county treasurer of Fayette County and creating the office of a depository and disbursing agent of and for the public funds of the county (Ga. L. 1915, p. 233), is such depository and disbursing agent an "officer, servant, or other person employed in any public department, station, or office of government of this State or any county, town, or city thereof," within the meaning of section 184 of the Penal Code of 1910?

*W. B. Hollingsworth, F. A. Sams, Little, Powell, Smith & Goldstein, Alexander, Hardwick & McLarty,* and *J. H. Longino,* for plaintiffs in error.

*E. M. Owen, solicitor-general,* contra.

HINES, J. 1. By the act of August 16, 1915 (Acts 1915, p. 233), the office of county treasurer of Fayette County was abolished. By the authority vested in them by that act, the county commissioners of that county selected the Bank of Fayetteville "as de-

pository and disbursing agent . . of the public funds ·of said county." By the first question propounded the Court of Appeals wishes this court to answer the question whether, under a proper construction of the above act, the public funds of said county, which were deposited in said bank as such depository and disbursing agent thereof, were general deposits subject to the general rule that a general deposit becomes the property of the bank in which it is deposited, and that the officials of the bank can not be convicted of embezzling such funds as the property of the county; or was it the intent of the General Assembly to make such deposits by the county special deposits, or general deposits impressed with a trust, so as to take such deposits out of the general rule stated above and make them subject to embezzlement as the property of the county?

In the interpretation of a statute the courts must look diligently for the intention of the General Assembly. Penal Code, § 1. This is the cardinal rule in the construction of statutes, and the intention when ascertained must be carried into effect. *Erwin* v. *Moore,* 15 *Ga.* 361. The construction must square with common sense and sound reasoning. Now what is the meaning of this act? A synopsis of its terms will aid us in reaching its meaning. By its first section the office of the county treasurer of Fayette County was abolished from and after January 1, 1917. By the second section it was made the duty of the county commissioners to "select some bank, banks, or bankers in said county to act as depository or depositories and disbursing agent or agents of and for the public funds of said county." By the third section it was provided that "such depository or depositories, and disbursing agent, or agents, shall receive no compensation for acting as such, but said commissioners shall, if possible, get such bank, banks, or bankers to pay said county for the privilege of acting as such depository and disbursing agent." By section four, no bank shall be allowed to act as such depository and disbursing agent, until it shall have given a bond, with sureties, in a sum which, in the judgment of the commissioners, will be double the amount of the county funds which will be deposited with such bank or bankers for the ensuing twelve months from the date of the bond. The property of said bank or bankers and that of the securities on such bond shall be bound from the time of its execution for the payment of any liability

from its breach. Besides, the commissioners were empowered to call upon said bank to strengthen its bond, or to give a new bond, and in default thereof to revoke the appointment of such bank as such depository and disbursing agent. By section five it is made the duty of said bank, acting as such depository and disbursing agent, (a) to pay without delay, when in funds, all orders issued by said commissioners or by their authority, according to their dates, (b) to take a receipt on each order when paid, and carefully file it away, (c) to keep a well-bound book in which. shall be entered all receipts, stating when, from whom, and on what account received; and all amounts paid out, stating when, to whom, and on what account paid, (d) to keep a well-bound book in which shall be entered a full description of all county orders, or other forms of indebtedness, as they are presented, and to record a copy of the order of the county authorities levying county taxes, and (e) to render reports to and appear before said commissioners whenever notified, and to appear before any grand jury on request, to render an account of its actings and doings as such depository and disbursing agent, and to exhibit its books and vouchers as such depository and disbursing agent whenever notified. By section six the commissioners are given "the power and authority from time to time to prescribe other reasonable duties and regulations for the government of said depositories and disbursing agents, and said depositories and disbursing agents shall be just as much bound to observe the same as they are bound to observe those provided for in this act." By section seven it is provided "That said commissioners shall appoint such depository and disbursing agent, or depositories and disbursing agents, and such bond . . shall be given on or before the day this act shall go into effect, and the county treasurer of said county then in office shall, on the day this act shall go into effect, deliver to such depository or depositories as he may be directed by said commissioners, all county funds then in his hands." Section ten declares that "all said depositories and disbursing agents shall be liable both civilly and criminally just as county treasurers are liable, for any nonfeasance or malfeasance of duty, and said commissioners shall have the right to proceed against such depositories and disbursing agents and the securities on their bonds, as county treasurers and the securities on their bonds may now be proceeded against in case of nonfeasance or malfeasance in the conduct of their office."

Under the provisions of this act, what is the character of the deposits of the public funds of the county in such depository? Depositories of public moneys "are instruments or agencies to keep the public funds. They are *sui generis* and *sui juris,* and stand on their own law," that is, the law by which they are created. *Colquitt* v. *Simpson, 72 Ga.* 501 (3), 509. Furthermore, in answering this question, we must keep in mind the definitions of the different classes of deposits. In this State deposits are general, special, or specific, the latter being a distinct class of deposits. A general deposit is a deposit generally to the credit of the depositor, to be drawn upon by him in the usual course of the banking business. The obligation of the bank is to pay on demand or on the check or order of the depositor, but not to keep or return the specific bills or coins received. A special deposit is the delivery of property, securities, or money to the bank or depository, for the purpose of having the same safely kept, and the identical thing deposited returned to the depositor. The third class of deposits is where money or property is delivered to a bank or depository for some particular designated purpose, as a note for collection, money to pay a particular note or draft, or like purpose. While such a deposit is sometimes termed a special deposit, and partakes of the nature of a special deposit to the extent that the title remains in the depositor and does not pass to the bank or depository, yet it seems more accurate to treat such deposits as a distinct class. *Southern Exchange Bank* v. *Pope,* 152 *Ga.* 162, 165 (108 S. E. 551); *Williams* v. *Bennett,* 158 *Ga.* 488, 493 (123 S. E. 683), et seq. So we must determine the character of these deposits from the terms and provisions of the act creating this depository, and under the above definitions of the several classes of deposits. This act does not expressly define the character of the deposits of the public funds of the county in this depository. A deposit in a bank or depository is to be taken to be general, in the absence of an agreement or statute to the contrary. *Williams* v. *Bennett,* supra. Can it be reasonably held, in the absence of statute or express agreement, that this bank as the depository and disbursing agent of the public funds of this county was required by this act to hold the identical funds deposited by the county with it as such depository and disbursing agent? The act does not so declare. It must be noted that the selection of this county depository must be made

from banks or bankers in the county. The selection is confined to that class alone. The fact that no person except a bank could have been selected as the depository of the funds of the county, and that the depository was a banker, can be considered in determining whether these deposits were general, or special, or specific deposits. Duncan *v.* Magette, 25 Tex. 246; Wright *v.* Paine, 62 Ala. 340 (34 Am. R. 24); 18 C. J. 562, § 2, B.

The bank as such depository was to receive no compensation for the services required of it under this statute. Besides, it was made the duty of the county commissioners, if possible, to have this bank pay for the privilege of acting as such depository and disbursing agent. Furthermore, the bank was required to give a bond with sureties for the faithful performance of its duties as such depository and disbursing agent. This bond created a lien on all of its property and on all of the property of its sureties. The depository was required to keep books in which should be entered all receipts, stating when, from whom, and on what account received, all amounts paid out, stating when, to whom, and on what account paid, and in which should be entered a full description of all county orders or other form of indebtedness as they were presented, and to record therein a copy of the order of the county authorities levying county taxes. The depository was further required to render reports to and appear before the commissioners whenever notified, and to appear before any grand jury on request, to render an account of its acts and doings as such depository and disbursing agent, and to exhibit its books and vouchers as such depository and disbursing agent when notified. Furthermore, such depository was made liable both civilly and criminally, just as county treasurers are liable, for any nonfeasance or malfeasance of duty, and the county commissioners had the right to proceed summarily against it and the sureties on its bond, as county treasurers and the sureties on their bonds may now be proceeded against in case of nonfeasance or malfeasance in the conduct of their offices. In view of these facts can it be held that it was the intention of this act that this bank should not have the right to use these funds? Would it be reasonable to hold that the legislature contemplated, in enacting this statute, that this bank was to receive no compensation by way of salary or commissions for the services which it was to render as such depository, that it was to give bond for the faithful performance of the duties imposed

upon it by this act, and that it was to assume the liabilities and subject itself to the civil and criminal penalties thereby imposed, for the naked privilege of acting as such depository and disbursing agent, without the right to use such funds in its business as a bank? To so hold would seem to impeach the intelligence of the lawmaking power.

Where general deposits are authorized and made, from the very nature of the case the depository has the right to use and mingle the funds with its own. Brown *v.* Board of Com'rs, 58 Kan. 672, 674 (50 Pac. 888); State *v.* Lawrence, 80 Kan. 707 (103 Pac. 839); Board of Com'rs *v.* Citizens' Bank, 67 Minn. 236 (69 N. W. 912); Fidelity & Deposit Co. *v.* Wilkinson County, 106 Miss. 654 (64 So. 457, Ann. Cas. 1916B, 1248); In re Salmon, 145 Fed. 649; Cadwell *v.* King, 84 Iowa, 228 (50 N. W. 975); Robertson *v.* Bank of Batesville, 116 Miss. 501 (77 So. 318); State *v.* Bartley, 39 Neb. 353 (58 N. W. 172, 23 L. R. A. 67); 18 C. J. 592, § 70 b; *Colquitt* v. *Simpson,* supra. The weight of authority is to the effect that, where there is an authorized general deposit with a depository of public funds, the resulting relation is that of debtor and creditor. Wallace *v.* Davis, 123 Ark. 70 (184 S. W. 834); Yellowstone County *v.* First Trust &c. Bank, 46 Mont. 439 (128 Pac. 596); In re State Treasurer's Settlement, 51 Neb. 116 (70 N. W. 532, 36 L. R. A. 746); U. S. Fidelity &c. Co. *v.* American Bonding Co., 31 Okla. 669 (122 Pac. 142); Watson *v.* El Paso County (Texas Civ. App.), 202 S. W. 126, 129; Henry County *v.* Salmon, 201 Mo. 136 (100 S. W. 20); Lewis *v.* Park Bank, 42 N. Y. 463; State *v.* Rubey, 77 Mo. 610, 620; 18 C. J. 579, § 43, 2. In *County of Glynn* v. *Brunswick Terminal Co., 101 Ga.* 244 (28 S. E. 604); this court held that where county funds are deposited in a bank, and the bank fails, the county, in a contest over the distribution of the assets of the bank, is not entitled to a lien on these assets in preference to the individual depositors. *Knight* v. *State, 137 Ga.* 537 (73 S. E. 825). When funds of the county were deposited in this bank under the above act of 1915, the title thereto immediately passed to the bank, and the relation of debtor and creditor was created between the bank and the depositor. *Ricks* v. *Broyles, 78 Ga.* 610, 614 (3 S. E. 772, 6 Am. St. R. 280); *Schofield Mfg. Co.* v. *Cochran,* 119 *Ga.* 901 (47 S. E. 208); *McGregor* v. *Battle, 128 Ga.* 577 (58 S. E. 28); *Williams* v. *Bennett,* supra.

But it is urged that any county treasurer in this State can be indicted for embezzlement of any money belonging to the county (Penal Code, § 187), that by the 10th section of the above act of 1915 it is provided "that all said depositories and disbursing agents shall be liable both civilly and criminally just as county treasurers are liable, for any nonfeasance or malfeasance of duty," and that in consequence this depository and its officers can be indicted for embezzlement of the funds of the county. The vice in this argument is that county treasurers are only indictable for embezzling funds of the county under the above section of the Penal Code, and that this depository and its officers can only be indicted for embezzlement of the funds of the county. We have undertaken to show above that these deposits of the funds of the county were general deposits, and that the title thereto passed immediately to the depository bank, and were no longer the funds of the county. Under the above section of the Penal Code, a county treasurer, if authorized to make general deposits of the county in a bank, could not be indicted for embezzlement of such funds, after they had been so deposited. It follows that this depository or its officials can not be indicted for embezzlement of these funds as funds of the county, for the reason that they became the property of the bank when deposited therein. We are not called upon to decide whether or not, under section 10 of the above act of 1915, this depository or its officials could be indicted for funds of the county which had been specially or specifically deposited, and which had been embezzled by the depository or its officials. So in answer to the first question propounded by the Court of Appeals, we are of the opinion that public funds of the county deposited in this depository bank were general deposits, subject to the general rule that a general deposit becomes the property of the bank in which it is deposited, and that the officials of the bank can not be convicted of embezzling such funds as the property of the county.

2. In view of the answer given to the first question propounded by the Court of Appeals, we do not think it necessary to answer the second and third questions propounded, as the effect of our answer is to dispose of this case.                    *All the Justices concur.*