No. 28,658.

H. A. WASHBURN et al., *Appellants,* v. THE BOARD OF EDUCATION
OF THE CITY OF JUNCTION CITY, *Appellee.*

(270 Pac. 609.)

Opinion filed
October 13, 1928.

*Matt Guilfoyle,* of Abilene, for the appellants.

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for
the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is brought by certain electors and
taxpayers of the school district in which Junction City is located to
compel the recounting of the ballots cast at a bond election, and to
enjoin the defendant from executing or selling any bonds or pledg-
ing the credit of the school district under the authority of that elec-
tion. Judgment was rendered in favor of the defendant, and the
plaintiffs appeal.

It is conceded that the statement of facts set out in the abstract
of the appellants is correct. That statement is as follows:

"That the plaintiffs were voters and taxpayers of school district No. 1, Geary
county, Kansas, and the defendant, the board of education of the city of
Junction City, of the state of Kansas, is in charge of the school affairs of said
district. That W. H. Thompson, mayor of Junction City, at the request of
the defendant, issued an election proclamation, calling a special election of
the voters of said school district for the purpose of voting on the proposition
for the issuance of bonds of said district in the sum of $235,000 for the purpose
of building and equipping school buildings. That the election proclamation
stated that the polls should be open from seven a. m. to seven p. m., that the
election was held and that the polls were kept open from seven a. m. until
seven p. m. and the proposition to issue said bonds was declared carried by a
majority of one hundred forty-eight votes. That Junction City is a city of

the second class and is under the commission form of government. That there were five polling places for said election. One for each ward of the city and one for the attached territory. That a large number of voters voted between six p. m. and seven p. m. at said election. That the city of Junction City has no city ordinance prescribing the hours of voting."

The plaintiffs in their brief say:

"The question for the court to decide is, which of several conflicting statutes apply to the hours during which the polls should be open for a school-bond election."

The statutes to which plaintiffs refer are sections 14-206, 14-1203 and 25-106 of the Revised Statutes. Section 14-206, a part of the general law governing cities of the second class, reads:

"The places of holding elections, annual and special, in cities of the second class, shall be designated by the mayor. He shall issue a proclamation for every such election, giving at least ten days' notice thereof, announcing the offices to be filled or the propositions to be voted upon, and the place in each ward where the same is to be held; and he shall also designate in each ward three electors to act as judges and two electors to act as clerks of such election. The polls shall be opened at nine (9) o'clock a. m. and closed at six (6) o'clock p. m. Vacancies in the offices of judge and clerk shall be filled, and all matters not provided for herein, pertaining to the manner of conducting such elections, shall be as provided by the general election laws of the state."

Section 14-1203, a part of the election laws of cities of the second class under the commission form of government, is as follows:

"At all elections held under this act the polls shall be kept open between the hours of seven a. m. and seven p. m., and no longer."

Section 25-106, a part of the general election law, provides:

"That the hours of voting at all general elections, primary elections, city elections and special elections shall be from eight o'clock in the morning until six o'clock at night, except in cities of the first and second class in which the hours of voting shall be from six o'clock in the morning until seven o'clock in the evening: *Provided, however,* That before the hours last herein stated shall be operative in any cities of the second class, the governing body of said cities shall have provided for such hours by ordinance, duly passed and published: *Provided,* That the hour for the opening of the polls of any precinct lying outside of any incorporated city in this state may be fixed at an hour not earlier than six o'clock in the morning, by order of the county commissioners, upon written application of the township board wherein said precinct is located."

To determine which of these statutes control, any one of which might be applicable if the others did not exist, would be attended with some difficulty. That labor is unnecessary because this ques-

tion is controlled by *State, ex rel., v. City of Lawrence,* 98 Kan. 808, 811, 160 Pac. 217, where this court said:

"The polling places were held open from seven o'clock in the morning until seven o'clock in the evening. The defendants contend that this vitiated the election; that the polls should have been opened at nine o'clock in the morning and closed at six o'clock in the evening. There is no pretense of fraud or other irregularity. In *Russell v. The State, ex rel. Nicholson,* 11 Kan. 308, it was said:

"'A mere irregularity in conducting an election, which does not deprive a legal voter of his vote, or admit a disqualified voter to vote, or cast uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it, should be overlooked in a proceeding to try the right to an office depending on such election.' (Syl. ¶ 1.)

"This principle has been followed in *Jones v. The State of Kansas, ex rel. Atherby and Kingsbury,* 1 Kan. 273, 279; *Gilleland v. Schuyler,* 9 Kan. 569; *Morris v. Vanlaningham,* 11 Kan. 269; and *Jones v. Caldwell,* 21 Kan. 186. If the defendants are correct in their contention that this election was not conducted as directed by the statute, it was a mere irregularity, and such a one as does not render the election invalid. The polls were open during the entire time required by the law. Unless a wrong result was produced, the election must be upheld. No such result has been shown."

There is no contention that the election at Junction City was invalid for any reason other than that the election proclamation declared the polls would be kept open from seven o'clock a. m. until seven p. m. on election day, and that the polls were kept open between those hours. At most, that was an irregularity which did not vitiate the election.

The judgment is affirmed.