EVERETT W. ADAMS *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—JANUARY 9, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Municipal Contracts. Availability to A. of a Contract between B. and C. for His Benefit. Ultra Vires.*

Defendant succeeded to the charter rights of a corporation which had authority to fix rates of fare not exceeding ten cents for each passenger between any two points on its road; subsequently defendant, under legislative permission, made a contract with the town in which said road was located by which the fare from one point to any other point on its lines of road in the town should not exceed five cents :—

*Held,* that the contract superseded the charter rights so acquired, and that defendant had thereby waived its right to charge a fare of five cents on each of its connecting lines over which a passenger must travel to make a continuous journey between two points within the town.

*Held,* further, that the contract must have been intended for the benefit of the public, made through the town as their representative, upon which passengers could rely and for breach of which they could seek redress.

*Held,* further, that an individual passenger has the right to claim for himself the benefit of the provisions of said contract.

*Held,* further, that the contract was not *ultra vires;* a statute providing that a rate of fare shall not be more than a specified sum implies that it may be fixed at a less sum.

(2) *Assault.  Justification.*

*Held,* further, that a plea in justification of an alleged assault, being of no avail in so far as it rested upon the rights above mentioned, did not wholly fail, as it contained the averment that the plaintiff was ejected from defendant's car for refusal to pay the lawful fare.

(3) *Municipal Contracts under Statutory Authority.*

If a town be authorized by statute to act by ordinance or contract, and under such authority acts by contract, the necessary implication is that it may stipulate for terms other than those expressed in the act.

(4) *Test Case.*

A moot case is one which seeks to determine an abstract question not resting upon existing facts or rights ; but where a concrete case of fact or right is shown a party is not to be deprived of its determination simply because his motive in the assertion of such right is to secure such determination.

TRESPASS for assault and battery, the questions raised relating to the obligations of the defendant to furnish transfers, or transfer tickets, for the use of passengers on its connecting lines in the town of East Providence.  Certified from the Common Pleas Division on waiver of jury trial and reserved for hearing before three justices of the Appellate Division. Heard on agreed statement of facts.

(1)    STINESS, J.    Pub. Laws, cap. 975, May, 1891, gave authority to towns to "pass ordinances or make contracts" granting franchises to corporations for operating street railways, &c.    October 15, 1892, the town of East Providence made such a contract with the defendant, in which it was agreed that "during the continuance of said exclusive franchise the fare from one point to any other point on the lines of said party of the second part in said town shall not exceed five cents."    In the agreed statement of facts it appears that a line was constructed which ran from Rumford to Riverside, which was discontinued before this alleged cause of action accrued, but that both Riverside and Rumford were still upon its lines by connecting roads.    October 23, 1896, the plaintiff

boarded the Warren avenue car, paid his fare, stating to the conductor that he wanted to go to Rumford, and at the nearest point of connection he demanded a receipt showing that he had paid his fare or a transfer to Rumford, which the conductor refused to give. He then boarded the first car going to Rumford, by the only route he could take, stated to the conductor that he had paid his fare on the other car, that he desired to go to Rumford, and that he had asked for a transfer or other evidence that he had paid his fare, which had been refused. The conductor insisted upon his paying his fare on that line, and, upon the plaintiff's refusal to pay, the conductor ejected him from the car. The plaintiff sues in trespass for assault and battery. The defendant pleads in justification, setting up a charter to the South Main Street Horse Railroad Company, to which, with other companies, the Union Railroad Company is successor, which gave to the former company the right to extend its lines into East Providence and to fix rates of fare not exceeding ten cents for each passenger between any two points on said road ; that in accordance with such authority, continued to the defendant, and under ordinances of East Providence relating thereto, the defendant has established and charges a lawful fare of five cents for one continuous ride on any car of said Union Railroad Company in said town of East Providence ; that upon the plaintiff's refusal to pay such fare he was ejected from the car by the conductor, using no more force than was necessary.

We think the contract of October 15, 1892, recited above, supersedes the rights under the charter and said statutory provisions pleaded. The statute of May, 1891, gives authority to make a contract, and by it the defendant waives its previous rights in respect to fare for the consideration of extension of lines and an exclusive right to maintain them. Under this view of the contract, a plea in justification, so far as it rests upon rights previously held, is of no avail. The only question is the one, which has been chiefly pressed in argument, whether the plaintiff can avail himself, as an individual, of the right to claim the benefit of the provisions of that contract in this action. The plea does not wholly fall,

because it still has the averment that the plaintiff was ejected for a refusal to pay the lawful fare.

The terms of the contract are plain, that "the fare from one point to any other point on the lines of said party of the second part shall not exceed five cents." We cannot vary this language by reason of the fact that when the contract was made two rides for five cents was not the established rate of fare. The contract makes no such reservation, and it was entered into with a view of new or extended lines within the town. If, then, it is of general application, it is controlling in this case.

The plaintiff cites a large number of cases to the effect that a promise made by A. and B., for the benefit of C., may be sued on by C. Most of these cases relate to debt, where there has been a substantial, though not a technical, novation.

In *Wilbur* v. *Wilbur*, 17 R. I. 295, this court held that it was not prepared to extend the doctrine to cases where no debt was assumed. The case was an action of assumpsit, on the promise to another to pay a note without consideration and void in law. The language of the opinion must be taken in its relation to the question before the court, which was whether a promise to pay to the plaintiff a sum of money, as for a debt, could be enforced by him when in fact no debt existed. We do not think that the court meant to lay down the rule that in no case, excepting debt, can a person avail himself of a promise to another.

The contract in question was made for the benefit of passengers using the defendant's cars. The town can hardly show damages for its breach, and therefore, if the people for whose benefit it was made cannot recover for its breach, no one can. True, the town might take steps to avoid the contract and stop the road, for failure to perform conditions, but in so doing it would cut off the privileges of many to redress the wrong of one. This would neither be a reasonable nor an adequate remedy. It must have been intended to be a contract for the benefit of the public, made through the town as their corporate representative, upon which passengers

could rely, and for breach of which they could seek redress. Otherwise it is a contract of little obligation and force. Suppose the defendant should charge ten cents for one ride, and should eject a passenger for refusing to pay it; under its contention the passenger would be without redress.

In *Little* v. *Banks*, 85 N. Y. 258, the State made a contract with the defendant to publish reports of the Court of Appeals, in which it was stipulated that he should furnish copies to booksellers, and upon default to pay the sum of $100 as liquidated damages, " to be sued for and recovered by the person so aggrieved." It was held that the plaintiff was entitled to recover. This last clause quoted introduces an element not in this case, but it is not an important one in the view of the New York court. The court held that the contract was for the benefit of booksellers, such as the plaintiff, and that he had a right under it, the clause quoted being intended to carry out the purpose of the contract by fixing a sum of liquidated damages. The general principle as to the plaintiff's right is laid down by the court as follows : " Contractors with the State, who assume, for a consideration received from the sovereign power, by covenant, express or implied, to do certain things, are liable, in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance." The principle is put upon the ground of public policy essential to the public welfare.

In *Porter* v. *Richmond Railroad*, 97 N. C, 46, the defendant agreed with the city of Charlotte to pay a part of a policeman's salary to be on duty at its depot. It was held that he could sue the defendant on the contract.

*Benge* v. *Hiatt*, 82 Ky. 666, gave a child the right to sue on a contract made by his putative father with his mother, for the child's benefit, in consideration of the surrender of the child to the father by the mother.

In *Coster* v. *Albany*, 43 N. Y. 399, the city undertook improvements under a statute by which it was to pay for damages to property. Judge Folger, in the opinion, said :

"Here is the promise, the consideration and the promisee, definitely brought out. The ultimate beneficiary is uncertain." The court held that a party damaged could maintain an action against the city for such damage as he had shown.

The distinction to be made, in cases of this sort, is well stated by Brown, J., in *House* v. *Houston*, 88 Tex. 233: "It is not true that for every failure to perform a public duty an action will lie in favor of any person who may suffer injury by reason of such failure. If the duty is purely a public duty, then the individual will have no right of action ; but it must appear that the object and purpose of imposing the duty was to confer a benefit upon the individuals composing the public.

The distinction is clearly brought out in *Aldrich* v. *Howard*, 7 R. I. 199. In that case a statute required buildings within certain limits to be built in the manner and of the materials described in the act. The plaintiff, as adjoining proprietor, alleged a violation of the act and special damage to his estate. On demurrer, upon the ground that there was no private right of action, the court held that the penalty was the remedy through which the public could compel a compliance with the law, but that the private right existed also for one suffering special injury. Ames, C. J., in the opinion, said the case was within the rule so long ago laid down by Lord Holt, that "in every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to the said law."

In *Taylor* v. *Lake Shore*, 45 Mich. 74, Cooley, J., said : "The burden that individuals are required to have for the public protection or benefit may in part be imposed for the protection or benefit of some particular individual or class of individuals also, and then there may be an individual right of action, as well as a public prosecution, if a breach of the duty causes individual injury."

Most of the cases cited by the respondent arise out of contracts for the supply of water to a town or city, under a

general public duty and not for the benefit of individuals or a class of individuals. They hold that there is no contract in favor of a private plaintiff, while some rest upon the lack of authority to impose conditions.

(3)    The statute of May, 1891, gives authority to a town to act by ordinance or contract. If it acts by contract, as in this case, the necessary implication is that it may stipulate for terms other than those expressed in the act. As to the rate of fare, section 4 provides that the charge for service shall not be greater than the price actually charged by the corporation at the time of granting the franchise, which also clearly implies that it may be less, otherwise it would be the same price. We do not think, therefore, that the contract was *ultra vires*, as claimed by the defendant. The plea of justification ignores the contract, but it is made a part of the statement of facts.

(2)    It is to be noted that this case is not brought upon the contract, as in most of the cases cited. The plaintiff sues for trespass, the defendant pleads a justification upon the ground that the plaintiff was ejected for refusing to pay a "lawful fare." The evidence of the contract shows what we construe to be a waiver of any right on the part of the defendant, if any such existed, to charge for fares under the charters set out in the plea, and hence that the provision "the fare from one point to any other point on the lines of said party of the second part in said town shall not exceed five cents" fixed such fare as the maximum lawful fare between the points in question in this case. The plaintiff, having paid this fare, has paid all that he could be required to pay under the contract, which, being for the benefit of passengers, a class of which he was one, was for his benefit and of which he could take advantage, under the principles stated above.

We think, therefore, that the plea of justification is not sustained.

(4)    Another point taken by the defendant is that, because the plaintiff boarded the cars for the purpose of making a test case, this is a moot case which the court will not entertain. A moot case is one which seeks to determine an abstract

question, which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination simply because his motive in the assertion of such right is to secure such determination. . It is a matter of common practice. Most of the cases of trespass to try title are of this sort. We are therefore of opinion that the case is not objectionable on this ground.

We think that the plaintiff is entitled to judgment, which, according to the agreement of parties, will be for nominal damages.

Judgment for the plaintiff for ten cents and costs.

*Edward L. Mitchell*, for plaintiff.

*William G. Roelker*, for defendant.