The State of Kansas, *ex rel. Fred S. Jackson, as Attorney-general, Plaintiff, v. J. N. Dolley, as Bank Commissioner, etc., et al., Defendants.*

No. 16,626.

SYLLABUS BY THE COURT.

1. Mandamus—*Parties Defendant.* In mandamus it is proper to make persons defendants from whom the performance of no duty is sought, but who might be affected by the judgment.

2. —— *Process.* The character of notice to be served upon such defendants is immaterial, so that they are informed of the pendency of the proceeding.

3. —— *Performance of Official Duty—Parties.* When the individual to be benefited requests a public officer to perform a statutory duty, and is met with a refusal, the state is a proper plaintiff in mandamus proceedings to compel its performance.

4. Statutory Construction—*Concrete Controversy Necessary.* A court will undertake to pass upon the validity and effect of a statute only when necessary to the determination of an actual and concrete controversy.

5. Jurisdiction—*Fictitious Suit—Validity of a Statute.* Where a request is made of a public officer to perform an act under a statute, and he, although believing that the law requires its performance, refuses because of a doubt on the subject, and because he wishes the question to be quickly and finally settled by the decision of a court, a proceeding brought by the state to compel such action on his part is not fictitious.

Original proceeding in mandamus. Opinion filed May 7, 1910. Order concerning pleadings.

*Fred S. Jackson,* attorney-general, for the plaintiff.

*B. P. Waggener, Chester I. Long, J. W. Gleed,* and *John L. Hunt,* for the defendants.

The opinion of the court was delivered by

MASON, J.: The state on the relation of the attorney-general began proceedings in mandamus against the bank commissioner and the state treasurer, alleging that they had denied to national banks the privilege of participating in the benefits of the act (Laws 1909, ch. 61; Gen. Stat. 1909, §§ 537-552) providing for the creation of a depositors' guaranty fund, and asking an order requiring them to recognize such right. The bank commissioner filed an answer stating that upon the strength of an opinion of the comptroller of the currency, to the effect that national banks could not take part in such guaranty fund, he had refused to allow them any participation therein, and asserting as a reason why he should not be required to do so that the part of the act relating to national banks is void. A large number of national and state banks were made parties defendant. Some of them filed a plea in abatement, asking that the action be dismissed on the ground that no real controversy exists between the plaintiff, represented by the attorney-general, and the defendants against whom the writ is asked. The state moved that this plea be stricken from the files, and this motion has been argued and submitted for decision.

While strictly speaking nothing is now before the court for action excepting the motion to strike the plea in abatement from the files, various other matters were incidentally discussed at the hearing, and it seems desirable at this time, so far as possible, to settle all questions of practice, so as to facilitate a final decision.

Doubts have been suggested concerning the pro-

The State v. Dolley.

priety of making the banks defendants, and concerning the character of process to be served upon them, the matters upon which they are to be heard, and the manner of the hearing. The practice in mandamus is well settled to make persons defendants of whom the performance of no duty is asked, but who have an interest in the subject matter. (26 Cyc. 415.)

"Technically, in mandamus the only necessary parties are the plaintiff, who asserts the right to have an act done, and the defendant, upon whom the public duty rests to perform it. The practice is common and commendable to bring in other persons who are likely to be injuriously affected by the judgment, in order that they may have an opportunity to be heard in their own behalf, and in a proper case the court will suspend proceedings until this is done. (*Livingston v. McCarthy*, 41 Kan. 20.)" (*The State v. Railway. Co.*, 81 Kan. 430, 435.)

How such defendants shall be brought into court can not be of any real consequence. The service of a writ of mandamus upon them seems inappropriate. A rule to show cause why a peremptory writ should not be issued may be proper, but any method of notifying them of the pendency of the action should be deemed sufficient, since they are brought in for their own protection.

The plaintiff's pleading also contains allegations regarding the conduct of these additional defendants, but as they do not constitute a cause of action, and are obviously inserted as the basis for an application for an ancillary order, and such application has not been presented to the court, they are immaterial, presenting no issue and requiring no answer.

The bank commissioner in his answer raises no issue of fact, but seeks to present a question as to the effect of the statute. The language of the writ is indefinite, but. by a liberal interpretation it perhaps alleges inferentially that national banks have asked the commissioner to take some action under the bank guaranty law looking to their becoming guaranteed banks, and that he has

refused. If that is the case, and if the law makes it the duty of the commissioner to perform the act demanded, a proceeding to require its performance may be brought by the state, since it has an interest in seeing that the will of the legislature is not disregarded by public officers. (*The State v. Lawrence,* 80 Kan. 707.) If the banks that have been made parties contend that upon the face of the papers no peremptory writ ought to issue, their contention can be heard without their filing any pleading. If they maintain that any of the allegations in the writ or answer are untrue, or that other facts exist that are material to the controversy, it is proper that they should file a written statement of such matters. The name by which such statement is designated is immaterial. The only formal pleadings in mandamus are the alternative writ and answer, but there can be no objection to others if they will serve to define the controversy. We think it inexpedient to have a separate trial of the questions sought to be presented by the plea in abatement. The cause has already been set for final hearing in June. If the defendant banks so desire, they may be heard then upon the pleadings already filed. If they wish to present at that time other matters, they may file a statement thereof prior to May 15.

The claim presented by the plea in abatement is that no decision should be made involving an interpretation of the bank guaranty statute, because the proceeding is collusive. It will doubtless simplify matters for the court to express its views as to how far the attitude of the parties toward each other is a matter for inquiry. Of course the court can not undertake to interpret a statute because doubts exist as to its meaning, in advance of a situation having arisen requiring action thereunder. In order for judicial power to be exercised with regard to the statute there must be an actual and concrete controversy regarding it—a definite act demanded under it on the one hand and refused on the

The State v. Dolley.

other. But if these conditions exist the fact that the demand or the refusal, or both, may have been prompted by a purpose to make what is called a "test case" does not defeat jurisdiction. It is not uncommon or objectionable for an officer to refuse to act upon a doubtful construction of a statute, irrespective of his own judgment as to its true meaning, in order that the question may be speedily and finally settled in the courts. An action brought for that purpose under such circumstances is not fictitious, though it may in a sense be "friendly." (9 Encyc. Pl. & Pr. 720.)

"A moot case is one which seeks to determine an abstract question, which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination, simply because his motive in the assertion of such right is to secure such determination." (*Adams v. Union Railroad Co.,* 21 R. I. 134, 140.)

"It is universally understood by the bench and bar . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, can not have any practical legal effect upon a then existing controversy. . . . When there is an actual, *bona fide* contest as to a legal right, an agreement to put the case, when made, by actual exercise of the right and resistance to it, in such shape that the right can be readily determined by the court, especially when the dispute concerns a matter of public moment, which should be speedily settled, has never been condemned by the courts. It is a common, everyday practice in every state of the Union. The noted *Legal Tender Cases* were made up in that way." (*Ex parte Steele,* 162 Fed. 694, 701.)

If a resolution of the directors of a national bank asking that it become a guaranteed bank under the state law has been tendered to the commissioner for his action, and he has refused to receive it, a justiciable con-

troversy has arisen, notwithstanding he may believe that the attorney-general's interpretation of the law is correct, and may desire that the court so declare. The statute is valid or it is invalid. It imposes an official duty or it does not. The personal belief or wish of the officer can not affect the matter one way or the other. If there is reasonable ground for a difference of opinion as to whether he should act, his refusal to do so until the question is judicially determined can not be regarded as collusive or capricious. The fact that here the plaintiff has joined as defendants all persons supposed to have an interest in defeating its contention precludes any suggestion of a purpose to mislead the court into making a ruling without both sides of the question having been fairly presented.

Pleadings have been filed other than those referred to, but they present nothing requiring action at this time. The plea in abatement will not be stricken from the files, since it may be regarded as in effect an answer; but it will not be treated as a preliminary matter, and the court will not try any issue it presents in advance of the final hearing. The parties filing it may at their election stand upon the matters there presented, or add anything further they may desire. The plea includes an allegation that no national bank has ever applied for admission to the benefit of the bank depositors' guaranty fund, or of the act in relation thereto, and no additional pleading is necessary to present the issue of fact in that regard.

As has already been said, in a mandamus proceeding defendants of whom the performance of no duty is asked are brought in that they may have opportunity to show that the act demanded would be prejudicial to their rights and ought not to be performed. In the present case the allegations of the alternative writ concerning the conduct of the defendant banks, having relation only to an interlocutory order which has not been asked, will be considered abandoned, and these defend-

ants are now in court only to give them opportunity, if they so desire, to show reasons why no writ should issue against the bank commissioner. If they do not care to contest this matter they may refrain from further appearance herein, with the assurance that they will not be held for any costs and that no judgment will be rendered against them, unless an adjudication of the issue between the plaintiff and the bank commissioner may be regarded as of that character.