THE STATE OF FLORIDA *ex rel.*, RAILROAD COMMISSIONERS, *Plaintiffs in Error,* v. SOUTHERN TELEPHONE & CONSTRUCTION COMPANY, *Defendant in Error.*

Opinion Filed Jan. 28, 1913.

Even though litigation may not be effective in all respects because of circumstances arising after appellate proceedings are taken the appellate court does not thereby lose jurisdiction of the cause, and it may be retained for the determination of questions properly presented involving the duties and authority of public officials that are of general interest to the public.

Writ of Error to the Circuit Court for Leon County.

Motion denied.

*F. T. Meyers* and *J. L. Neely,* for motion;

*F. M. Hudson* and *T. S. Trantham,* contra.

WHITFIELD, J.—Under Chapter 6186, Acts of 1911, the Rai'road Commissioners have authority and the duty to regulate the rates and charges and service within this State of all persons, firms or corporations engaged in or carrying on a telephone business. It appears that Arthur Chaires complained to the Railroad Commissioners that the respondent had wrongfully discontinued his telephone service because of his refusal to pay a bill of three dollars for removal charges which Chaires deemed to be unjust and discriminatory  An order was made after a hearing, requiring the company to install a telephone in Chaires' residence upon the same terms and conditions as are granted to other subscribers without reference to the disputed bill. The order was not complied with.

Upon application of the Railroad Commissioners the Circuit Court issued an alternative writ of mandamus commanding the Southern Telephone & Construction Company forthwith to install a telephone in the residence of Arthur Chaires upon the same terms and conditions as are granted to other subscribers without reference to past differences and that the company desist from all attempts to require the settlement of any disputed account alleged to be due from said Chaires to the company as a condition for the installation of such telephone. The respondent moved to quash the alternative writ on the following grounds:

"1. The said writ does not show any authority vested by law in the said relators to make the order which the said writ seeks to enforce.

2 The said relators have undertaken in and by their order mentioned in said writ to perform a legislative function in violation of the Constitution of the State.

3. The said relators in and by their said order referred to in the said writ have undertaken to perform a judicial function in violation of the Constitution of the State.

4. The said writ does not disclose that the said re- lators had established any rule or regulation prior to the making of the order referred to in said writ upon which such order was lawfully predicated.

5. The said writ does not disclose any duty devolved by law upon the respondent which the said relators by their said order could require the respondent to perform."

The motion to quash the alternative writ was granted, and a final judgment for the respondent having been rendered, the relators took .writ of error.

A motion is made to dismiss the writ of error upon the ground: "That Arthur Chaires, the person in whose

behalf the petition for a writ of mandamus was presented to the Circuit Court, and in whose residence it was by said proceeding sought to require the defendant in error to install a telephone, had moved with his family from the City of Tallahassee, and had located in the City of Tampa prior to the suing out of the writ of error in this cause; and is now a resident of the City of Tampa, and not of the City of Tallahassee; and that it would be impossible for the defendant in error to comply with a writ of mandamus compelling it to install a telephone in the residence of the said Arthur Chaires upon the same terms and conditions as are granted to other subscribers, even should the judgment of the court below, quashing the alternative writ of mandamus be reversed."

This motion is supported by affidavits.

The Railroad Commissioners acting for the State are the relators and plaintiffs in error, and the fact that the person in whose favor the order is sought to be enforced has moved away does not show that under no circumstances can the writ be made effective for the purpose designed in this case. And even if under no circumstances the writ could be made effective because of Mr. Chaires' removal, the appellate court does not thereby lose jurisdiction of the cause, and it may be retained for the determination of questions properly presented involving the duties and authority of State officials that are of general interest to the public. See Barrs v. Peacock, decided at this term.

The respondent's motion to quash the alternative writ presents questions of law that affect the authority and duties of the Railroad Commissioners in regulating the service rendered by telephone companies, and the public as well as the relators is interested in having the legal

·questions raised determined for the future guidance of the State officials.

The motion to dismiss the writ of error is denied.

SHACKLEFORD, C. J. and TAYLOR, COCKERELL and HOCKER, J. J., concur.