## HOPKINS v. WELLMAN et al.

No. 20046.   Opinion Filed April 5, 1932.

Rehearing Denied April 26, 1932.

Baldwin & Lamun, for plaintiff in error.

Keaton, Wells, Johnston & Barnes, Tom C. Waldrep, William Jones, Jr., and Goode & Dierker, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Pottawatomie county in rendering a judgment which is as follows:

"This cause coming on to be heard on this 11th day of October, 1928, it being one of the regular judicial days of said court, plaintiff and defendant both announced ready for trial, whereupon a jury of twelve good and lawful men was duly and legally impaneled and sworn to try the issues in said cause.

"The plaintiff made his opening statement to the jury as to what he expected the evidence to show; the defendants made their opening statement to the jury, whereupon the witnesses were sworn, the plaintiff offered to introduce his evidence, whereupon the defendants and each of them objected to the introduction of any evidence on the ground and for the reason that the plaintiff's petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants or either of them, and that the opening statement of plaintiff's attorney, and the pleadings in said cause, showed that the said defendant had appealed from the order of the district court in case No. 11229, wherein the defendants in this case were plaintiffs in

said case No. 11229, and that a permanent injunction had been denied, and that the appeal of the defendants had been dismissed on the motion of the plaintiff in this case, for the reason that the said cause had become moot, and the court being fully advised in the premises, finds that said objection of said defendants and each of them to the introduction of any evidence upon the grounds specified in said objection should be, and the same is hereby, sustained, and it is further ordered by the court that said cause be, and the same is, hereby dismissed.

"It is therefore ordered, adjudged, and decreed by the court that the objection to the introduction of evidence on the grounds specified therein, and each of them, is hereby sustained, and said cause is dismissed at the cost of plaintiff, to which action of the court the plaintiff excepts and gives notice in open court of his intention to appeal to the Supreme Court, and the court clerk is hereby ordered and directed to spread upon the record the plaintiff's notice of appeal; and the plaintiff, for good cause shown, is given 30 days from this date in which to make and serve case-made; the defendants are given 5 days after service of case-made to suggest amendments thereto, the said case-made to be signed and settled on 3 days' written notice by either the plaintiff or defendants.

"Hal Johnson, District Judge."

The statements and admissions of counsel are contained in the case-made, and the pleadings also appear in the case-made. The argument is made that the suit was for actual damages, and some distinctions are made. At page 12 of the brief of plaintiff in error, we find the following:

"* * * We contend that the petition and the opening statement of counsel to the jury constitute a good cause of action for malicious prosecution, and that the trial court erred in sustaining the objection to the introduction of evidence."

Other authorities are cited to show that the dismissal of an appeal restores the original judgment.

Defendants in their brief cite a great many cases on the essentials for a successful malicious prosecution suit, and call attention to the order of this court dismissing the appeal of the plaintiffs in error on the motion of the defendant in error as being a moot case, and its effect. They also discuss the effect of failure to give bond for the temporary injunction. Authorities are cited as to discontinuance of injunction proceeding when the exigency has passed.

A supplemental or reply brief has been filed, which recites the facts in a large measure out of which the suit grew, and the steps taken in the original suit, and the pro-

ceedings to bring the case to the Supreme Court and the dismissal on January 3, 1928, on the motion of the defendants because the matter was moot, and refers to 128 Okla. 282, 262 P. 659, which is the opinion dismissing the case. This is followed by a statement that the plaintiffs in error then brought their action for damages, and in the brief we find the following:

"The case in said district court, styled Hopkins v. Wellman et al., came on for trial in said district court on October 11, 1928, a jury was impaneled, and a statement of the case was made by the counsel for plaintiffs in said cause. When the plaintiffs attempted to introduce evidence upon the trial the defendants, and each of them, objected to the introduction of any evidence for the reason that the petition of plaintiffs, and the opening statement of the attorney for plaintiffs, failed to state facts sufficient to constitute a cause of action against the defendants and in favor of plaintiffs, or either of them, the objection of defendants was sustained, the jury discharged and the costs taxed against the plaintiffs, Hopkins, et al. From the order of dismissal and judgment for costs in said cause in said district court, the cause was appealed to this court and numbered 20046, as aforesaid."

Throughout the briefs and in the judgment it appears clear that the case was dismissed on account of the view that the court had of the effect of the action of the plaintiff below, present plaintiff in error, in causing his adversary's appeal to be dismissed as embracing only moot questions.

We are of the opinion that when the plaintiff below, preparatory to bringing his suit, induced this court to dismiss the action of the plaintiff in error because the matters involved were moot, the plaintiff thereby affirmed that no substantial question was involved. Besides this, it is apparent that the error complained of, as committed by the trial judge, consisted in his giving full force and effect to the order of dismissal so provided, and concluding that the plaintiff had no case for malicious prosecution founded on such evidence.

The term "moot," used by this court in dismissing the action, following the application to dismiss, apparently was used in the ordinary sense, implying that nothing of importance was left for decision. It is defined in several authorities, and among others is the case of State ex rel. v. Dolley, 108 Pac. 846, decided by the Supreme Court of Kansas on the 7th of May, 1910, in which there is a quotation from the Rhode Island court, as follows:

" 'A moot case is one which seeks to de-

304

termine an abstract question, which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination simply because his motive in the assertion of such right is to secure such determination.' Adams v. Union Railroad Co., 21 R. I. 140, 42 Atl. 517, 44 L. R. A. 273. 'It is universally understood by the bench and bar * * * that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter, which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy'."

This definition is accepted by other courts. See case of Ex parte Steele, 162 Fed. 694.

Evidently this court and the plaintiffs in error looked upon the dismissal as ending all controversies arising out of the matters involved in the proceedings. The lower court so found, and we think it was right.

The cause is accordingly affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.