No. 30,413.

The State of Kansas, ex rel. G. H. Terrill, County Attorney, *Appellee*, v. Bart Thompson, *Appellant.*

(9 P. 2d 628.)

Opinion filed April 9, 1932.

*A. L. Maltby,* of Elkhart, for the appellant.

*G. H. Terrill,* county attorney, and *Oscar F. Perkins,* of Elkhart, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the district court granting a peremptory writ of mandamus. At the general election in Cimarron township, Morton county, in November, 1930, Bart Thompson was a candidate for reëlection to the office of township treasurer and F. M. Burton was his opponent. Burton received the greater number of votes, a certificate of election was issued to him, and he duly qualified as such officer. Thompson refused to turn over the books, records and moneys in his hands belonging to the township. The state, on the relation of the county attorney, on June 6, 1931, filed a motion for a writ of mandamus and gave notice that it would be heard by the court on June 9. At that time defendant and his attorney appeared and advised the court that they had a defense and wished to be heard. The court then announced that it would grant an alternative writ and set the case for hearing on its merits. It was agreed that the hearing would be at the court's chambers at Liberal on June 26. An alternative writ was issued and served, although the service was not until the 25th of June. On June 26 defendant's attorney appeared at Liberal and filed a motion, appearing specially, to set aside the service of the alternative writ on the ground that "it is null and void and not made in conformity to law in such cases." No reasons were stated. The court overruled the motion. The peremptory writ was granted. Defendant has appealed and contends that the alternative writ is the "summons" to bring defendant into court and must therefore run in the name of the state, and that the original must be served, and not a copy. Second, that, having no jurisdiction by reason that the alternative writ failed to run in the name of the state, the judgment of the court below is void.

Obviously, the contentions lack merit. Defendant appeared personally and by counsel on June 9 and asked for time, which was granted. He agreed to the time and place of hearing on the merits. How he was originally notified of the proceedings became of no consequence (*State v. Dolley,* 82 Kan. 533, 108 Pac. 846). Having made a general appearance, his later attempt to make a special appearance to object to service upon him was futile. No authorities

need be cited to support a proposition so elemental. Under the circumstances an alternative writ was not necessary, and its delayed service was not prejudicial. Mandamus was an appropriate remedy in this case. (*Huffman v. Mills*, 39 Kan. 577, 18 Pac. 516; *Bank Commissioner v. Stewart*, 113 Kan. 402, 214 Pac. 529.)

The appeal has no merit. The judgment of the court below is affirmed.