LOTTINGER, Judge.
This is a suit for partition by licitation of a certain five acre tract of land situated in the Parish of Tangipahoa, Louisiana. The defendant filed an answer resisting the plaintiff’s demands on various grounds and following trial on the merits, judgment was rendered by the court below ordering a partition by licitation as prayed for. On the same day the judgment was signed, i. e., April 17, 1953, counsel for defendant moved for and was granted a suspensive and/or devolutive appeal returnable to this court. The appeal bond was not executed until May 25, 1953.
The appellee has filed in this court a motion to dismiss the appeal on the ground that as same is only devolutive, the judgment sought to be appealed from has long since become executory and the power to prevent its execution has been lost. We think counsel’s contention well founded.
It is clear from the character of the bond and the time when it was filed that the appeal would only be a devolutive one. See Grant v. Succession of Grant, 159 La. 535, 105 So. 611.
In Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10, it wás held that a judgment ordering a sale to effect a partition becomes executory ten days after the judgment is signed, and that after the expiration of the delay for a suspensive appeal, all power to oppose and prevent the execution of the judgment has been lost. If the party cast fails to protect his right by suspending the execution of the judgment of partition in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment, while it was executory’. See also Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660 and Levenson v. Chancellor, La.App., 68 So.2d 116, both of which affirm this same principle.
In the motion to dismiss the appeal it' is- set forth that the judgment in this matter has in fact been executed and' the *710 property sold at judicial sale. In oral argument, counsel for appellant admitted that the property had been sold in accordance with said judgment and same executed. This being the case, the question presented us is in the words of the Supreme Court in the Pettingill case, supra [199 La. 557, 6 So.2d 662], a moot one as we cannot “undo what has already been done by virtue of the judgment while it was executory, nor grant any order that could be enforced.”
For the reasons assigned the appeal is dismissed.
Appeal dismissed.