ELLIS, Justice.
The plaintiffs instituted this suit to obtain a court review of the order on and after hearing issued by defendant in his capacity as Insurance Commissioner, allowing a mutual insurance company in which plaintiffs own an interest, to convert to a stock insurer. The- review sought is provided for by LSA-R.S. 22:1360 which reads as follows:
“A. Any person aggrieved on account of any official action or threatened action of the Secretary of State, or of his failure to act if such failure is deemed to constitute an act under any provision of this Code, may demand a hearing thereon as provided in R.S. 22:1351, and may have the court review any order of the Secretary of State made pursuant thereto. The petition for such review shall be filed only in the district court in and for the parish of East Baton Rouge and shall be taken only from an order refusing a hearing or an order on hearing. Such action may be taken by any person aggrieved by such order refusing a hearing or by such order on hearing.
“B. The action must be taken within thirty days after the order complained of was given by the Secretary of State, or if the order was published as provided in R.S. 22:1359, within thirty days after the date of the last such publication. If not so .taken, the right to have a court review or restrain action under the order shall conclusively be deemed to have been waived.”
The order complained of was entered on October 29, 1952, the company’s plan of conversion was submitted and the Insurance Commissioner’s certificate of authority to convert was issued on October 30, 1952, and plaintiffs filed the in.stant suit on November 6, 1952.- Plaintiffs, prayed for a Court review of the order, and also prayed to have the order set aside on the grounds that the conversion plan was not approved *237 by the necessary two-thirds* of the policy holders and decree the proposed plan of conversion of the Victory Industrial Life Insurance Company, which was the sublet of the original hearing, null and void and without any effect. In addition plaintiffs prayed that the defendant be ordered to ■show cause why the court should not stay any action taken or proposed to be taken under the order complained of. Such a stay is provided for by LSA-R.S. 22:1364 which reads in part as follows:
“A. The filing of such a petition shall not stay any action taken or proposed to be taken by the Secretary of State under the order complained of unless a stay is granted by the court at a hearing held as part of the proceedings.”
The trial court, which has discretionary powers in this respect, refused to stay the order complained of on the grounds that the Victory Industrial Life Insurance Company had immediately converted to a stock insurer upon receipt of the order, and “less ■damage, confusion or injury would be caused by refusing to stay the order than-would result if the order were stayed and the company would be ‘neither fish nor fowl’
An exception of no cause of action and •of non-joinder urged by the defendant was overruled by the trial judge.
On October 21, 1954, counsel for defendant filed a motion to dismiss which was sustained by the trial court on the grounds that the plaintiffs sought to have the order allowing conversion set aside, that as relief sought by the plaintiffs would not result in a reconversion of Victory Industrial Life Insurance Company from a stock company to a mutual company the case was moot. The Court cited State v. Dolley, 82 Kan. 533, 108 P. 846, 847; quoting Adams v. Union Railroad Co., 21 R.I. 134, 140, 42 A. 515, 517, 44 L.R.A. 273, to the effect that case is moot when judgment is sought ‘ * * * upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.’ ”
The plaintiffs quote the following excerpts to refute the contention that a moot question is presented by the facts in the instant case:
“Where the application for review of a decision of an administrative body shows that the question presented is abstract or moot, the court ordinarily will refsue to review the decision * * * (but) * * *. The mere fact that an order has been carried out does not deprive one objecting to it of the right of review.” 73 C.J.S., Public Administrative Bodies and Procedure, § 190, p. 538.
“Intervening events do not render a controversy moot where it is still possible for the reviewing court, if it should decide the case in favor of the party seeking relief, to grant him some effectual relief.” 42 Am.Juris, 193, p. 570.
The defendant herein relies further upon the case of Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, which involves a suit for partition among co-owners, one of whom took a devolutive appeal, since he was dissatisfied with the judgment ordering partition. Meanwhile, the shares of the partition were distributed to and receipted for by all co-owners wih the exception of the appel-lee. It is evident from the quotation from the case which was included in the Insurance Commissioner’s brief that the court specifically restricted its denial of appellate relief to cases “ * * * where it is impossible for the appellate court to undo what has already been done.” This case is not in point for in the case at bar the courts may set aside the order which is before them on review under the specific language of the pertinent statute. In this connection see also Fluker Farms v. James, La.App., 71 So.2d 709; Id., 226 La. 303, 76 So.2d 311.
The defendant also cited State ex rel. Betpouey, Jr. & Co. v. Jefferson Parish Waterworks District, 223 La. 566, 66 So.2d 338, in support of the trial court’s judgment. In that case the plaintiff had sought a *238 mandamus compelling the Waterworks District to accept its bid on a contract and annulling a contract awarded to another contractor. While a devolutive appeal was pending, the contract plaintiff was seeking to annul was fully performed and the work was accepted by the Waterworks District. The Court properly held that it was powerless to order that the completed contruction work be undone. This case is inapposite to the case at bar since the Court is not being asked to annul a completed contract but to review a decision of an administrative officer which is granted as of right by the pertinent statutes.
The defendants cite the case of Freret Civic Ass’n v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893, 894 in support of the proposition that the court in the instant case is powerless to grant the relief sought. The plaintiff in that case sought a preliminary injunction to prevent the Orleans Parish School Board from converting a certain school from white to Negro usage. The preliminary injunction was denied by the trial court and the conversion was actually effected while an appeal was pending. The plaintiff failed to apply to the Supreme Court for writs, and the appellate court held that.it had no recourse “except to dismiss the appeal, since the act which appellant sought to enjoin has been fully performed and the conversion is now an accomplished fact.” However, the appellate court was careful to point out that the question of legality of the conversion was not passed upon, and that “Our dismissal of the appeal is not to be construed as a decision of the questions raised by the pleadings and the evidence adduced in this case or as an affirmance of the judgment refusing to grant the injunction or as affecting the substantive rights of the parties to this litigation.” It is apparent that though the court denied the injunction, it recognized and, in effect, reserved the rights of the parties to judicially ascertain the legality of the action.
There are other distinctions between the case at bar and the above cited cases. The cases upon which the defendant relies did not deal with atspecial proceeding set forth in special statutory provisions, nor did they deal with a judicial review of the decision of an administrative officer presenting a special question of administrative law. In addition, the completed conversion, which the defendant contends is a bar to review and renders the question moot, is in itself illegal, whereas the actions completed in the above cited cases were all done legally. The conversion accomplished in this case and set up as a bar to further action was, in itself, illegal, since it was in contravention of the specific provisions of the germane statutes which allowed aggrieved persons a thirty day period in which to seek a review of the order. These provisions were apparently ignored and the order was allowed to become effective immediately, and, in fact, the resulting conversion has even been held by the trial court to be a bar to the review unequivocally granted in the Insurance Code.
The defendant in the instant suit attached great significance to the fact that writs were not taken from the court’s refusal to issue the stay order prayed for by the plaintiffs. The record reveals that the Commissioner had issued his certificate of authority to convert the day after the order complained of was handed down. Since the conversion had been made under the Insurance Commissioner’s certificate of authority to convert at the time the hearing on the stay order was had, the trial court refused to issue a stay order and the failure to apply for writs under these circumstances and facts was not necessary or fatal to plaintiffs’ further right to prosecute his action.
In answer to the Commissioner’s argument that the conversion is irrevocable and that the plaintiffs failed to seek the proper relief plaintiffs advance the following forceful argument:
“The Commissioner has contended that sinde the Company has already 'converted there is nothing that could be done about it even if the court did set aside the Commissioner’s order ap *239 proving the conversion. Such argument is not tenable. Suppose, for instance, that an insurance company- had just gone ahead on its own volition, without seeking prior' approval of the Commissioner, and had converted itself from the mutual form to the stock form. Would the Commissioner then contend that because the conversion had already been affected that he was powerless to do anything about it because they were presented with a ‘Fait Accompli’? The same analogy applies in the present case. If the District Court, after a trial on the merits, were to rule that the approval of the conversion should be set aside, then the actual act of conversion would have no moré validity than "in our hypothetical case. The Commissioner assumes that such conversion is irrevocable. A review of certain provisions of the Insurance Code will reveal that such is not the case.
“[LSA-]R.S. 22:801 and 806 provide that a mutual insurer may convert to a stock insurer and a stock insurer may convert to a mutual insurer. There is no prohibition to the conversion, in either direction. The same method and mechanics which were used to convert this company from mutual form to stock form can also be used to reconvert it from stock form to mutual form.
“[LSA-]R.S. 22:803 and the plan of conversion of the Victory Industrial Life Insurance Company, which was filed as a part of the record of this case show that appropriate accounting and actuarial records can be set up to maintain separate classes for the separate types of policies, if necessary. The plan of conversion made specific provision for the continuance as a special class in the company of all policies issued prior to the conversion from mutual to stock. The same can be done if re-converted from stock to mutual.
“The Commissioner also complains that petitioners did not ask the court for proper- relief, but' a comparison of petitioners’ prayer to the court and [LSA-] R.S. 22:1360 shows that they have prayed for the full relief; offered by the Insurance Code, namely, that the Commissioner’s order be set aside as null, void, and without effect; that the plan was not properly approved; and finally for all such further relief as law equity and the nature of the case may permit. We must remember that petitioners are exercising a right granted by a statute and therefore must follow the statutory procedure. (Emphasis added.)
“73 C.J.S., Public" Administrative Bodies and Procedure, § 192, p. 539.
“ ‘In, order to obtain judicial review of a decision or order of an administrative body or officer, it is necessary and sufficient that statutory provisions governing such proceedings be followed.’ ”
The question of non-joinder of the insurance company as a necessary party is raised on appeal. The determination of the validity of an order of the Insurance Commissioner is the object of this suit and it does not seem that there is any reason why the .insurance company, even though affected by the order, should be considered a necessary party to such a suit. In 42 Am. Jur. 238 it is stated that the “necessary or proper parties in a proceeding to review an act of an administrative agency is largely determined by statutes governing the particular agency.” Applying this principle, the plaintiffs did not more than follow the pertinent statutes when they failed to join the insurance company as a defendant in the instant suit, for these statutes never mention any defendant in the proceedings outlined other than the Secretary of State in his capacity as Insurance Commissioner. More important, the Supreme Court in the case of Courtney v. Abels, 205 La. 304, 17 So.2d 337, 339 has affirmed the above principle when it specifically held that the Parish Democratic Executive Committee was not a “necessary party” to proceedings under Act of 1940 for the recount of ballots *240 cast for parish assessor in the Second Primary Election. Its reasons for such a holding were stated as follows:
“ ‘The executive committee, after proclaiming the result of the election and declaring the defendant the nominee, stripped itself entirely of jurisdiction in connection therewith. To challenge the validity of the election in whole or part, the committee was not a necessary party. It had no interest in the outcome of the contest between the two candidates. The above referred to subsection (b) of Sec. 86 of the 1940 Act clearly directs ■ the mode and method by which contests thereunder may be originated and conducted. The petition of the contestant therein referred to should be presented to the district judge, who, if he finds that the allegations justify him in doing so, “shall issue an order directing the con-testee to answer the petition within five (5) days after service upon him”, etc. Nothing is said about and no reference is made to the necessity of the committee being made a party to the action and since this is true, there appears no good reason for supplementing the procedure thus outlined by requiring something to be done which the act specifically omits. (Italics ours.) See, also, State ex rel. Nunez v. St. Bernard Parish Democratic Executive Committee, 165 La. 685, 115 So. 901.’”
Reading LSA-R.S. 22:1360 in pari ma-teria with the related statutes, this court considers the thirty day period allowed an aggrieved person to seek a review of the order complained of as a suspensive period in which no action can be taken by third party applicant seeking original order, in this case, Victory Industrial Life Insurance Company, or if- a petition is filed within the thirty days and a stay is refused by- the court under LSA-R.S. 22:1364, supra. Under the particular facts in this case the conversion by Victory Industrial Life Insurance Company prior to the thirty days or after refusal to stay such action on -a rulé nisi is at the risk of such'third party applicant to have such action set aside on the merits by the courts. The hasty action of the insurance company in converting the day after the order allowing conversion, and the Secretary of State’s instant approval should not have been given any legal effect nor should it ever have been considered as a bar to the review of the order as provided unequivocally by LSA-R.S. 22:1360 to aggrieved proper parties such as the plaintiffs in the instant case.
It is therefore ordered that the judgment of the lower court sustaining the defendant’s motion to dismiss be reversed, and the case is remanded to the lower court for trial on the merits. >