**A. B. SWANK, Jr., Appellant,**

v.

**Charles SHARP et al., Appellees.**

**No. 16030.**

Court of Civil Appeals of Texas.

Dallas.

June 22, 1962.

Kenny & Floyd, H. E. Kenny, Jr., Dallas, for appellant.

H. P. Kucera, City Atty., and N. Alex Bickley, Asst. City Atty., Dallas, for appellees.

YOUNG, Justice.

The opinion heretofore rendered on April 27, 1962 is withdrawn and the following being substituted therefor:

A. B. Swank, Jr. here appeals from the denial of a temporary injunction.

Appellant, a resident citizen tax payer of the City of Dallas, sought injunctive relief in the trial court against these members of the Dallas City Council, individually, and as members of a committee appointed by the Council; identified as the "Ambulance Committee". Prior to this suit these individuals as a committee had been holding closed or executive meetings on this subject as distinguished from "Open Meetings" as referred in § 13, subd. 3 of the City Charter; reading: "All meetings of the Council and of the committees thereof shall be open

to the public and the rules of the Council shall provide that citizens of the city shall have a reasonable opportunity to be heard at any such meetings, in regard to any matter considered thereat." Appellant asserts that he was at all times denied "a reasonable opportunity to be heard at any such meetings" of this Committee; and, except for the temporary restraining order previously issued by the court, this Committee of appellees would have continued to meet in closed sessions. On hearing of the application for temporary injunction, same was denied.

Basically, appellant complains of error in that the court by denial of temporary injunction has refused to maintain a status quo of the litigation pending a trial on the merits. At instance of appellant the trial court made and filed findings of fact from which we note the following: That on June 19, 1961 the City Council appointed Councilman Sharp as Chairman, Councilman Self and Councilwoman Blessing as a Committee "to study future ambulance contracts and present ambulance services" as the present City Ambulance Service contract would expire October 31, 1961; such Committee to make investigation and report to the whole Council; that appellees after their appointment met on four separate occasions at the City Hall Conference Room; calling and interviewing the City Manager, Chief of Police and the Director of Public Health as City officials and also invited and interviewed representatives of the present contract holders for ambulance service, both white and colored; that altogether possibly twenty (20) persons were so interviewed by the Committee; all persons coming before the Committee, appeared voluntarily, no oaths being administered or subpoena being issued to require attendance; that such Committee planned to have one more meeting, which was not held because of the previous restraining order and that the public

was at all times excluded from the meetings so held.

Appellees state in supplemental brief that following studies and recommendations of the Committee, a contract for ambulance service was let by the City Council in October 1961, the successful contractor to give a $25,000 corporate surety bond which has not yet been furnished; in the meantime and temporarily the City accepting a personal surety.[1]

From the foregoing, it would appear that appellees have ceased to function as an "ambulance committee"; its objective—procurement of the October 1961 City Ambulance Contract—being now an accomplished fact. Our first inquiry therefore involves the mootness of subject matter and accordingly, we have called upon the parties hereto for supplemental briefs. It is well-settled law in Texas that "A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. City of Dallas v. Rutledge (Tex.Civ.App.) 258 S.W. 534, 537; Adams v. Union R. Co., 21 R.I. 134, 42 A. 515, 517, 44 L.R.A. 273; State v. Dolley, 82 Kan. 533, 108 P. 846. Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments. Ex Parte Steele (D.C.) 162 F. 694." McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331. "The rule is well established that review proceedings are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the rights of some party to the litigation. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it is fictitious,

1. Not officially, but through our local press we note that the required corporate bond of $25,000 has been duly approved and filed.

**952**

or has become *moot* or academic, or if, without any fault of the appellee or defendant in error, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief." 3 Am. Jur. 308, Appeal and Error, § 733.

In supplemental brief, appellant has merely cited Texas cases entirely consistent with above rule. Incidentally he has here initiated litigation of a limited nature and ending with letting of contract on November 1, 1961. In the meantime appellant could have kept the matter alive by stay order on appeal to this court and request for advancement of the cause, but he did not see fit to do so. The advancement of cause was at instance of appellees by motion of date December 29, 1961.

Appellees likewise in their own behalf seek a favorable construction of § 13, Article 3, City Charter, and invoke the rule annotated in 132 A.L.R. 1187 that "Appellate courts not infrequently pass upon questions affecting important public interest even where in the particular case the question has become academic. Commonwealth of Massachusetts v. Klaus, 145 App.Div. 798, 130 N.Y.S. 713." Appellees cite the rule that "Even though litigation may not be effective in all respects because of circumstances arising after appellate proceedings are taken, the appellate court does not thereby lose jurisdiction of the cause, and it may be retained for the determination of questions properly presented involving the duties and authority of public officials that are of general interest to the public." Syllabus by the court in State ex rel. Railroad Comrs. v. Southern Teleph. & Constr. Co. (1913) 65 Fla. 67, 61 So. 119. We have found no case in Texas where our Supreme Court has so expanded the rule of mootness of cause and hence express no opinion on the merits of this litigation; that is to say a construction of § 13, Dallas City Charter.

The appeal is therefore dismissed, the matter at issue having become moot.