WILLIAM F. WOODS, Judge.
This is a suit filed by E. B. Breazeale, as owner, and United Public Insurance Company, as his collision insurer, to recover damages in the amount of $374.64 to Mr. Breazeale’s Cadillac automobile while it was parked on the premises of the Dixie Parking Service Garage. Made defendants are the Dixie Parking Service Garage and its insurer, the Employers’ Liability Assurance Corporation, Ltd., who answered the suit and admitted the accident but denied responsibility therefor, alleging the damage was caused through no fault on the part of Dixie Parking Service or its employees.
Mr. E. V. Benjamin, Jr. was the owner of a Lincoln automobile which was being driven by an employee of the Dixie Parking Service at the time it collided with the Cadillac of Mr. Breazeale. A third party petition was filed by the Dixie Parking Service and its insurer, the Employers’ Liability Assurance Corporation, Ltd., against Benjamin and his insurer, the Continental Casualty Company, alleging the accident resulted from defective brakes on the Lincoln automobile and that Mr. Benjamin knew, or should have known, of this defective condition of his car.
The Continental Casualty Company and Benjamin answered specifically, denying any knowledge by Benjamin of any defect in the braking system of his car.
Benjamin, his insurer, the Continental Casualty Company, Dixie Parking Service and its insurer, the Employers’ Liability Assurance Corporation all filed third party petitions against the Ford Motor Company, praying for recovery from Ford in the event they might be cast in judgment, alleging that Ford was the manufacturer of the Lincoln automobile and was responsible for the defective condition of its brakes.
Ford Motor Company filed a general denial.
The damages to the Cadillac, in the amount of $374.64, were stipulated by all parties.
It was also stipulated that the plaintiff, Breazeale’s, unoccupied Cadillac was parked on the premises of Dixie Parking Service at the time it was involved in the accident which caused the damages involved herein.
The trial court rendered a judgment in favor of the plaintiff, Breazeale, and his insurer, United Public Insurance Company, and against the defendants, Dixie Parking Service and its insurer, Employers’ Liability Assurance Corporation, Limited, for the sum of $374.64, with interest and costs, and dismissed the third party petitions against Continental Casualty Company and Ford Motor Company at the cost of the defendants.
From this judgment the defendants, Dixie Parking Service and its insurer, Employers’ Liability Assurance Corporation, Limited, perfected this suspensive and devolu-tive appeal.
It is well settled that a depository is not the insurer of an automobile under deposit but is liable for loss occasioned thereto by its negligence. See Stewart v. Martin, La.App., 84 So.2d 235, and authorities cited therein.
The primary issue to be considered, therefore, is the question of negligence of the employee of Dixie Parking Service, who drove the Lincoln into'the parked Cadillac.
This employee testified he was employed as a car washer; that he drove the Lincoln onto the wash rack, washed the car and was backing it up to put it in a parking stall when the brakes failed to work and he backed into the parked Cadillac. The only other employee of Dixie Parking Service who testified was the car washer’s boss, who said he arrived on the scene about five minutes after the accident. Mr. Charles E. Morse, an employee of the In *302 dependent Appraisal Company, was called to the scene and an examination of the Lincoln revealed that a holt was missing from the brake pedal and the pedal was lying on the floor. This bolt was found under the seat. The nut that had secured the bolt in the pedal was never found. The car washer testified that he pumped the brakes several times trying to make them take hold but this testimony is questionable, to say the least, when all the other evidence shows the pedal was on the floor and could not be pumped. This witness also testified he was 25 or 30 feet from the Cadillac when the brakes failed, yet he made no attempt to either use the emergency brake, which had not failed, nor to put the car in a forward gear, which would have reversed the direction of the car.
A careful review of all the testimony in the case fails to reveal any error on the part of the lower court, and its judgment is therefore affirmed at appellants’ cost.