NO. 12-04-00176-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


DR. ROBERT GRUEBEL,                                §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE CITY OF NACOGDOCHES &
COMMERCIAL BANK OF TEXAS                 §     NACOGDOCHES COUNTY, TEXAS
APPELLEES




MEMORANDUM OPINION
PER CURIAM
            In this appeal, Dr. Robert Gruebel challenges a declaratory judgment signed in the 145th
District Court of Nacogdoches County, Texas in trial court cause number C19,868-2003 styled Dr.
Robert Gruebel v. The City of Nacogdoches and Commercial Bank of Texas, N.A. The central
issue in the appeal is the interpretation of Article XI of the City’s ordinance relating to historic
preservation. Specifically, the issue is whether a certificate of appropriateness from the
Nacogdoches Historic Landmark Preservation Committee is required prior to demolition of a
building located within the Historic Overlay of the City. 
            Gruebel previously informed this Court that the City issued a demolition permit for the
building that is the subject of this appeal and that the building has been demolished.


 Consequently,
we ordered Gruebel to show cause why this appeal should not be dismissed as moot. Gruebel
responded arguing that the appeal is not moot because (1) a demolition permit has not been issued
for a building that was the subject of a previously dismissed appeal


 and therefore (2) this Court
should declare that any demolition permit for that building should be issued pursuant to and in
accordance with the amended ordinance. 

Mootness
            “It is well-settled law that ‘[a] case becomes moot when it appears that one. . . seeks
judgment upon some matter which, when rendered, for any reason, cannot have any practical legal
effect upon a then existing controversy.’” Swank v. Sharp, 358 S.W.2d 950, 951 (Tex. Civ.
App.–Dallas 1962, no writ) (citations omitted). Accordingly, an appeal will be dismissed if, without
any fault of the appellee, an event has occurred which makes a determination of it unnecessary or
renders it impossible for an appellate court to grant effectual relief. Id. at 952.
            Here, Gruebel did not supersede the lower court’s judgment. The City issued a demolition
permit and the building in controversy was demolished. Nonetheless, Gruebel argues that this appeal
is not moot because whether the amended ordinance applies to the issuance of a demolition permit
for the remaining building is an issue that is still in controversy. However, the issue Gruebel
identifies is not in controversy in the instant appeal. Moreover, the building that remains was the
subject of another appeal, which has been dismissed on Gruebel’s motion. 

Conclusion
            Even if Gruebel were to prevail in this appeal, the relief granted would be ineffectual because
the demolition Gruebel sought to prevent has already occurred. The unresolved issue Gruebel
identifies is not in controversy in this appeal, and the building to which the issue relates is not
involved in this appeal. Therefore, we hold that this appeal is moot and should be dismissed. 
Accordingly, the appeal is dismissed as moot. 
Opinion delivered March 16, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 
(PUBLISH)