NO. 12-05-00095-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
REX DARRELL WHITE,                                  §                 APPEAL FROM THE 273RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

KENDALL CANNON, d/b/a
CANNON’S LP GAS COMPANY,
APPELLEE                                                        §                 SABINE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellee, Kendall Cannon d/b/a Cannon’s LP Gas Company, obtained a permanent
injunction prohibiting Appellant, Rex Darrell White, from engaging in a business similar to
Cannon’s within Sabine County, Texas and San Augustine County, Texas until June 15, 2005. The
injunction arose from an employment agreement between the parties in which White agreed not to
compete with Cannon within a 50-mile radius of Hemphill, located in Sabine County, for a period
of eighteen months after the contract was terminated. White left Cannon’s employment on
September 21, 2004, thereby terminating the agreement.
            White has appealed the judgment granting the permanent injunction, contending that the
“covenant not to compete” portion of the employment agreement was not enforceable. Cannon has
filed a motion to dismiss the appeal as moot on the ground that the injunction will expire before his
brief can be filed and this Court can address White’s sole issue on appeal. White urges that the
appeal is not moot and that Cannon should not be able to avoid appellate review. He further
contends that “[w]ithout a decision by this Honorable Court . . . , Appellee can, and will, repeatedly
continue its practice in restraint of trade and yet prevent effective judicial review.” (Emphasis in
original.)
            “It is well-settled law that ‘[a] case becomes moot when it appears that one . . . seeks
judgment upon some matter which, when rendered, for any reason, cannot have any practical legal
effect upon a then existing controversy.’” Swank v. Sharp, 358 S.W.2d 950, 951 (Tex. Civ.
App.–Dallas 1962, no writ) (citations omitted). Therefore, an appeal will be dismissed if, without
any fault of the appellee, an event has occurred that makes a determination of it unnecessary or
renders it impossible for an appellate court to grant effectual relief. Id. at 952.
            Based upon our review of the record and White’s brief, we conclude that the covenant not
to compete cannot be enforced against White after June 15, 2005, the date the permanent injunction
expires. Consequently, the question of its validity is moot because of the passage of time, and any
relief we could grant would have no practical effect. Accordingly, Cannon’s motion to dismiss is
granted, and the appeal is dismissed as moot.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 15, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(PUBLISH)